# In the United States Court of Federal Claims

No. 19-1790
(Filed: 7 May 2020)
NOT FOR PUBLICATION

```
**************************************
MONICA PATRICIA MCGINLEY,            *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
**************************************
```

## **ORDER**

As summarized in the Court's 18 March 2020 Order, plaintiff Monica Patricia McGinley filed a *pro se* complaint and an Application to Proceed *In Forma Pauperis* on 18 November 2019.  On 16 January 2020, the government moved to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  As of the Court's 18 March 2020 Order, plaintiff had not filed a response to the government's motion to dismiss, which was due 13 February 2020. The Court therefore ordered plaintiff to respond to the government's motion on or before 15 April 2020.  The Court stated "[i]f plaintiff fails to respond or comply with this order, the Court will have no choice but to dismiss plaintiff's complaint for failure to prosecute pursuant to RCFC 41(b)."  Order, ECF No. 8.

When a party fails to comply with court orders, dismissal is not only appropriate, but also required to properly administer justice.  "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently . . . ."  *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)).  Furthermore, RCFC 41(b) provides, "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion." As *pro se* plaintiffs are, by their nature, unassisted, however, this Court may sometimes grant a *pro se* plaintiff greater lenience in the filing process.  In keeping with this permissive leniency, the Court allowed plaintiff an additional 28 days to either file her response to the government's motion to dismiss or show cause why her complaint should not be dismissed for failure to prosecute.

To date, plaintiff has not submitted or filed documents of any sort with this Court since filing her complaint on 18 November 2019.  The Court therefore has no choice but to **DISMISS** plaintiff's case without prejudice for failure to prosecute and failure to comply with Court order,

pursuant to RCFC 41(b).  The government's motion to dismiss is therefore **DENIED** as **MOOT**. The Court notes, however, that subject-matter jurisdiction likely does not exist in this case. Plaintiff's complaint appears to challenge actions of Maryland state actors; it does not allege any wrongdoing on the part of the United States.  *See* Compl., ECF No. 1.  This Court does not have jurisdiction over state actors.  *See* 28 U.S.C. § 1491(a)(1); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individuals.").  Lastly, plaintiff's application to proceed *in forma pauperis* is **GRANTED** solely to the extent required for the implementation of this order and is, otherwise, **DENIED** as **MOOT**.

The Clerk is directed to enter judgment consistent with this order.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
